I respectfully dissent from the majority's disposition of appellant's assignment of error.
I agree with Judge Boggins, assuming appellant's assertions are true (as we are required to do under Civ.R. 56), appellant has satisfied the first and third prongs of the test set forth in Fyffe v. Jeno'sInc.(1991), 59 Ohio St.3d 115.
The majority concludes, as did the trial court, the second prong of theFyffe test was not met. The majority concludes there was not a substantial certainty injury would occur.[1] I concede there did not exist a likelihood, much less a substantial certainty, injury would occur upon any individual exposure to the risk, however, repeated exposure to the risk increased the probability of injury to the point reasonable minds could differ as to whether the injury was substantially certain to occur. Although exposure to a particular risk may only result in injury one out of 1000 times and therefore, not be substantially certain to occur, injury is substantially certain to occur if the employee is exposed to that risk 1000 times.
Given appellant's allegations as to the number of times she was required to encounter the risk; the number of times syringes were found in the trash bags; and the "near miss" of injury to another employee, I believe the determination of whether there was a substantial certainty of injury is a question best left to the trier of fact.
Accordingly, I would reverse the trial court's grant of summary judgment on behalf of the employer.
_________________________ WILLIAM B. HOFFMAN, JUDGE
[1] In his concurring opinion, Judge Wise concludes appellee's remedial actions were reasonably contemplated to resolve the dangerous condition and appellee had the right to believe the dangerous condition no longer existed. As noted in Judge Boggins' opinion at page 2, whether appellee engaged in remedial actions is itself in dispute. Such dispute must be resolved in appellant's favor for purposes of summary judgment. Assuming, arguendo, it was undisputed remedial actions were taken, appellant asserts she continued to be exposed to the syringes on a weekly basis and reported the same to appellee until the date of injury. The very fact the injury to appellant occurred despite appellee's remedial actions (though admittedly relevant to both the first and second prongs of the Fyffe test), creates a dispute as to the sufficiency of the remedial actions taken.